# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | NO. 3:16-CR-133 |
| ROBERT M. MAUGHON, | ) ) ) | REEVES/GUYTON |
| *Defendant*. | ) | |

## MEMORANDUM OPINION AND ORDER

Now before the Court are two motions: the Government's motion to amend the indictment in this case to correct a typographical error [D. 27]; and Robert M. Maughon's fourth motion to continue his trial [D. 30]. The Government's motion is based on a recently-discovered typographical error in the Current Procedural Terminology (CPT) code listed in paragraph 28, Count 11, on page 9 of the Indictment. The citation to the CPT code currently reads "99345-25," but the correct citation is "993**54**-25." The Government says that because the CPT code is listed correctly in Counts 1, 2, 4, 5, 7, and 9, and is properly defined in Paragraph 13, the defendant is on notice to the CPT code referenced and how it relates to the Health Care Fraud charges against him. At the Final Pretrial Conference held in this case on May 22, 2018, defense counsel stated that Mr. Maughon does not object to the amendment.

Amending the indictment in this case presents no constitutional problems. As the Sixth Circuit explained in *United States v. Rosenbaum*:

> Although the general rule is that an indictment may only be amended by the grand jury, federal courts allow amendments when "the change is merely a matter of form." *Russell v. United States,* 369 U.S. 749, 770, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). **As our prior cases establish, changes of form include corrections of clerical or typographical errors.** We allow these corrections because they "d[o] not alter the charging terms" of the indictment

1

and therefore do not jeopardize a defendant's constitutional protections, particularly fair notice of the charges. *See id.*

628 F. App'x 923, 929 (6th Cir. 2015) (some citations omitted) (emphasis added). *See also United States v. Budd,* 496 F.3d 517, 534 n. 3 (6th Cir. 2007) ("Of course, correction of a scrivener's error presents no problem."); *Short v. United States,* 471 F.3d 686, 693 (6th Cir. 2006) (explaining that "[c]ertain types of changes," including mere matters of form, "fall outside of the prohibition against amending an indictment"). The Government's motion to amend the indictment is hereby **GRANTED**, and the Indictment will be **AMENDED** accordingly.

As for Mr. Maughon's motion to continue, the Court notes that this is actually his fourth such motion. Mr. Maughon has requested continuances on three previous occasions—January 10, 2017 [*see* D. 7], May 9, 2017 [D. 12], and October 23, 2017 [D. 17]—and all three motion were granted. The latest motion to continue was filed on May 21, 2018, two weeks before trial.

At this point, Mr. Maughon's counsel has had ample time to prepare. This case has been pending for several years, and no superseding indictments have been filed. Nearly all of the documents that are relevant to the Government's case were submitted to defense counsel on January 19, 2018, with only limited supplemental discovery provided later. Although there is some concern that defendant's expert was not retained earlier, the Court recognizes that this was a decision made by the defendant and his counsel.

Additionally, the Government has served at least sixty subpoenas in advance of the June 5 trial (many for the second time), and one witness for the prosecution has died while this case has been repeatedly continued. The Sixth Circuit has upheld a district court's denial of a criminal defendant's motion to continue under similar circumstances. *See United States v. Wolford*, 656 F. App'x 59, 61-62 (6th Cir. 2016), *cert. denied sub nom. Evans v. United States*, 137 S. Ct. 522 (2016) (holding that the district court did not abuse its discretion in denying defendant's fourth

motion to continue where the trial had already been continued three times, multiple out-of-town witnesses had to make travel arrangements, and the defendant caused the circumstances giving rise to the third continuance request).

In light of the three past continuances, the burden on the Government in delaying the trial any further, and the public's interest in finally having this criminal case resolved, Mr. Maughon's fourth motion to continue his trial [D.30] is **DENIED**. This case will proceed to trial as scheduled on **June 5, 2018**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**