UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | NO. 3:16-CR-00133 |
| ROBERT M. MAUGHON | ) | REEVES/GUYTON |
| | ) | |
| | ) | |

## ORDER

Defendant has moved to substitute counsel and continue his sentencing hearing, scheduled for November 19, 2018 [D. 54]. The Government opposes the motion in response [D. 57]. In turn, the Government has filed a motion to detain Defendant pending sentencing [D. 58], and Defendant has responded [D. 59]. The same factual background gives rise to both motions.

**I.   Background**

A Grand Jury indicted Defendant, a medical doctor, on December 6, 2016, charging him with 45 counts of health care fraud under 18 U.S.C. § 1347 [D. 1]. His trial was originally set for February 14, 2017 [D. 3], but the Court granted his motions to continue on January 10 and May 12 of that year [D. 9, 13]. In granting the motions, the Court acknowledged the complexity of this case and the need for his attorneys to perform due diligence in preparing a strong defense.

On September 22, 2017, a plea agreement was entered [D. 14], and a change of plea hearing was scheduled for October 26. One week before the hearing, on October 19, Defendant filed a motion to substitute attorney [D. 16], followed by a motion to continue his change of plea hearing and trial date [D. 17]. In his motion, he argued that he no longer wished to change his plea in this case until his new counsel, recently retained, had an opportunity to review relevant discovery.

1

After holding a hearing, the Court granted his motion [D. 22] According to testimony from a witness to the signing of the September 22 plea agreement, defendant stated he had no intention of pleading guilty, and only entered into the agreement so he could delay proceedings [D. 57, p. 1].

On February 26, 2018, the Court granted his motion to withdraw the plea agreement and set a trial date for June 5, 2018 (the trial was expected to last 2 to 3 weeks) [D. 23].

The parties (and the Court) prepared extensively for trial. On the morning of June 5, Defendant entered into a plea agreement [D. 44], and instead of a trial, the court held a change of plea hearing [D. 46]. The Court originally scheduled a sentencing hearing for October 2, 2018 and has twice reset the date at the request of the parties.

Defendant had reached out to another attorney, John Barnes, for a "second opinion" about his sentencing hearing [D. 54, ¶ 4]. Andrew Farmer, Defendant's lead counsel, did not know Defendant had done this until November 2, 2018, when Mr. Barnes requested information about the case from Defendant's counsel [*Id.*, ¶ 3]. Defendant has spoken "at length" with Mr. Barnes, who is willing to represent Defendant should the Court grant this motion [*Id.*, ¶ 5].

In the response to the motion for detention, the Court learned Mr. Farmer has an ownership stake in the entity negotiating with Mr. Maughon to purchase his assets and medical clinic [D. 59, ¶ 3]. At a November 14 hearing, Mr. Farmer told the Court the negotiations began on June 22. Mr. Farmer promptly informed the Tennessee Board of Professional Responsibility, and his client signed a waiver consenting to Mr. Farmer's representation despite the conflict. Unfortunately, the negotiations have since broken down, and neither Mr. Farmer nor Dr. Maughon appear to believe Mr. Farmer can provide adequate representation at this time.

In response, the Government orally agreed that the motion to substitute should be granted in light of the soured business negotiations.

## II. Discussion

### a. Motion to Substitute Counsel & Continue

A decision to grant or deny a motion to continue lies within the discretion of the district court. *U.S. v. Frost*, 914 F.2d 756, 765 (6th Cir. 1990). Only an "unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right of assistance to counsel." *Id.* (quoting *Morris v. Slappy*, 461 U.S. 1, 11-12 (1982)).

Defendants must show good cause when filing a request to substitute counsel and must do so in a timely manner. *U.S. v. Williams*, 176 F.3d 301, 314 (6th Cir. 1999). In reviewing the request, the court should consider i) the timeliness of the motion, ii) the extent of the conflict between the attorney and client and whether it resulted in a total lack of communication, and iii) a balance of these factors with the "public's interest in the prompt and efficient administration of justice." *Id.* An appellate court may review the adequacy of the district court's inquiry. *Id.*

Because of the unfortunate turn in Mr. Maughon and Mr. Farmer's business negotiations, the Government agrees that the motion to substitute counsel should be granted, but asks that the motion to continue be granted for less than the requested 90 days.

### b. Motion for Detention

A defendant awaiting the imposition or execution of a sentence shall be detained, unless the Court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community. 18 U.S.C. § 3143(a).

According to the probation office, Defendant has not posed a danger to the community and does not seem likely to flee. The Court sees no reason to revoke his detention at this time.

**III. Conclusion**

Based on the agreement of the parties, Defendant's motion to substitute counsel [D. 54] is **GRANTED** and his sentencing hearing shall be **CONTINUED** until **January 14, 2018** at **10:00 AM**. Because Defendant is neither a danger to the community nor a flight risk, the Government's motion for detention [D. 58] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**